## Commonwealth v. Tick, Inc.

*Arlen Specter*, for Commonwealth.

*T. R. Mann, L. E. Hinch, Folz, Bard, Kamsler, Goodis & Greenfield*, for defendants.

GOLD, P. J., February 9, 1966.—The district attorney has filed a motion for immediate injunction against Tick, Inc., t/a Wheel Bar, in which he alleges that the

Wheel Bar should be permanently padlocked, for reasons which, in essence, are a summary of the evidence given on behalf of plaintiff in the equity action, which was tried before this court for eight days. Immediately after the close of the testimony, this court ordered the notes of testimony to be expeditiously transcribed, and in accordance with normally accepted practice, allowed counsel for the contesting parties two weeks to file their requests for findings of fact, conclusions of law and a brief containing the authorities on which each contestant relied.

The motion of the district attorney must be dismissed. During the trial, the district attorney and counsel for defendants agreed, by stipulation, that the hearing before the court would be a final hearing requiring an adjudication by the court.

Implicit in such an agreement is that a final determination be made by the court upon review of the entire record. The legal effect and the practical result of this agreement, of course, was that the district attorney waived his right to ask for an immediate injunction.

And now, to wit, February 9, 1966, the motion of the district attorney for an immediate injunction is dismissed.